**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114439

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bradly Marks, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>                                     vs.<br><br>Ideal Health Benefits, LLC,<br><br>                              Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

    Bradly Marks, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Ideal Health Benefits, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

    1.    This action seeks to recover for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

### JURISDICTION AND VENUE

    2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

    4.    At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff Bradly Marks is an individual who is a citizen of the State of New York residing in New York County, New York.

6. Plaintiff is a natural person.

7. On information and belief, Defendant Ideal Health Benefits, LLC, is a Florida Limited Liability Company with a principal place of business in Broward County, Florida.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**ALLEGATIONS COMMON TO ALL CLAIMS**

9. Plaintiff has a cellular telephone.

10. Plaintiff's cellular telephone number is 310-770-XXXX.

11. Plaintiff has had the same cellular telephone number for at least five (5) years.

12. Defendant has been assigned telephone number 1-330-346-3758.

13. 1-330-346-3758 is Defendant's telephone number.

14. Defendant calls persons from telephone number 1-330-346-3758.

15. Defendant has been assigned telephone number 1-877-243-9928.

16. 1-877-243-9928 is Defendant's telephone number.

17. Defendant calls persons from telephone number 1-877-243-9928.

18. Beginning at the end of this year, on exact dates known only to Defendant but including October 24, 2017, Defendant called Plaintiff's cellular phone.

19. Defendant blocked the name of its business in the phone's caller ID.

20. Defendant left voicemail messages on Plaintiff's cellular telephone.

21. The voicemail messages were solicitations for "affordable health insurance" and "free $250 gift cards."

22. The voicemail messages requested Plaintiff call Defendant at 1-330-346-3758.

23. 47 U.S.C. § 227(b)(1) provides: "It shall be unlawful for any person within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) .... using any automatic telephone dialing system or an artificial or prerecorded voice... (iii) to any ... cellular telephone service."

24. The telephone calls were made using an automatic telephone dialing system.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

25. Plaintiff did not give Defendant consent to call his cellular telephone using an automatic telephone dialing system.

26. The telephone calls were made using an artificial or prerecorded voice.

27. Plaintiff did not give Defendant consent to call his cellular telephone using an artificial or prerecorded voice.

28. The telephone calls were not for emergency purposes.

29. The telephone calls were unwanted by Plaintiff.

30. Defendant acted willfully.

31. Defendant acted with full knowledge that its actions were unlawful.

32. Defendant's conduct, as described herein, violated 47 U.S.C. § 227.

33. Defendant's conduct, as described herein, caused Plaintiff's voicemail to become full.

34. Defendant's conduct, as described herein, was an electronic intrusion upon Plaintiff's cellular phone.

35. Defendant's conduct, as described herein, caused Plaintiff's cellular phone's battery to become depleted, causing Plaintiff to use electricity to recharge same.

36. Defendant's conduct, as described herein, was an invasion of Plaintiff's privacy.

37. Defendant's conduct, as described herein, caused Plaintiff annoyance and aggravation.

38. Defendant's conduct, as described herein, caused Plaintiff to waste time.

39. Defendant's conduct, as described herein, caused Plaintiff to be distracted.

## **CLASS ALLEGATIONS**

40. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated.

41. The class consists of, "All persons who received calls from Defendant to such person's cellular telephone, initiated by Defendant through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, within the four years prior to the filling of the Complaint."

42. The Class consists of more than 50 persons.

43. Plaintiff's claims are typical of the claims of the Class. Common questions of law

or fact raised by this Complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

45. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the TCPA, consumer protection laws and common law

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the TCPA; and

    d. Grant statutory damages against Defendant pursuant to 47 U.S.C. § 227(b)(3)(C) and/or 47 U.S.C. § 227(b)(3)(B), for each and every violation; and

    e. Pursuant to 47 U.S.C. § 227(b)(3)(A), grant injunctive relief

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

prohibiting such conduct in the future.

f.  Grant attorneys' fees as permitted by law; and

g.  Grant Plaintiff's costs; together with

h.  Such other relief that the Court determines is just and proper.

DATED: October 29, 2017

                **BARSHAY SANDERS, PLLC**

                By: _/s/ *Craig B. Sanders*_____
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiff*
                Our File No.: 114439